Next case on today's docket is People v. Perkins. Derek Perkins We have Mr. Robert Bass Martin Kellent and this is Jennifer Camden who we have to leave. Is it Bass or Boss? Us Bass. Bass. You may proceed. Thank you, Your Honor. Counsel, Your Honors, may it please the Court. This is a case where Mr. Perkins has tried one count of murder, two counts of attempted first degree murder, two counts of armed violence, and two counts of aggravated battery with a weapon. After a trial on the merits, after eight and a half hours of deliberations, the jurors found in favor of guilty for aggravated battery with a weapon, two counts against the two victims. They were not guilty on an armed violence count and a guilty on one armed violence count. With respect to the hung jury counts, they were undecided, and it is my contention that with respect to the two counts of attempted first degree murder, there was an implicit acquittal. According to case law and according to the arguments cited in my brief, as well as in my reply, as well as what I believe is clear in the record, there is an implicit acquittal by virtue of two charges. The aggravated battery with a weapon is a lesser included charge of the greater attempted first degree murder. Because the jury, because after deliberations and after they had looked at the jury instructions, it's presumed that they had looked at all the instructions as they were instructed and which was contained in the record. They looked at all the instructions, including the elements of all of the offenses with respect to the aggravated battery of the weapon and with respect to the greater offense of attempted first degree murder. They had looked at all of the jury instructions in light of each other. Some of the instructions that I'll point out to the court, in the common law record, there is an instruction to the jury which says that the law applied is stated in these instructions and it is the jury's duty to follow all of them. Another instruction says that it is your duty to determine facts and determine only from the evidence in this case. You are to apply the law to the facts and this way decide the case. Another instruction says that the evidence which you should consider consists only of the testimony of the witnesses and exhibits which the court received. And most importantly, you should consider all of the evidence in light of your own observations and experiences in life. It is our contention, based upon the record and based upon the instructions that the jurors had to avail themselves with and to review, they had read all of the jury instructions in light of each other. However, they still came back with a conviction on the lesser included count of an aggravated battery with a weapon and they decided, implicitly acquitted Mr. Perkins of the greater offense of attempted murder. The issue here really, as I've kind of summarized about it, is whether a subsequent prosecution, a re-prosecution for attempted murder is precluded by a finding on a lesser included charge of aggravated battery with a firearm based upon the fact that the jury was undecided, was silent as to the greater, which according to this district is tantamount to an implicit acquittal. In what case are you citing? That's People v. Fisher, Your Honor, which relies upon People v. Pemberson. In the People v. Fisher case, there were three counts. There was an armed violence count. There was an aggravated battery count. And there was an attempted murder count. It is our contention that jeopardy had attached to the greater offense when the jury was deadlocked and silent when found guilty in favor of the lesser included offense of aggravated battery with a weapon and was silent, which according to the Fisher court, which relied upon the Pemberson court in this district, showed that those tantamount to an applied acquittal and therefore a subsequent re-prosecution of the greater offense would violate the defendants in that case and violate, if applying to this case, would violate Mr. Pertman's protections against double jeopardy. It is our contention that there are no significant differences between the Fisher case and this case. In the Fisher case, all three of those counts stemmed from a single incident. The issue before the court was whether aggravated battery was a lesser included offense of armed violence. It was entered into the record that there was jury confusion. One difference in the Fisher case versus the case here and as to Mr. Perkins was the jurors in the Fisher case, they were given the option. They were told, they were instructed, they could find in favor of aggravated battery or in favor of armed violence. They could vote not guilty as to both, but they could not vote guilty as to both. It was determined that because the jurors were deadlocked and had admittedly notified the trial court that it was deadlocked and that it was unable to come to a unanimous decision on the greater offense of the armed violence, but they did find in favor of the guilty on the lesser aggravated battery, a misdraw had been declared. In this case, in connection with all of the jury instructions, there was also jury, there was jury confusion. Some that I'd like to point out that's contained in the record in the common law record is the fact that first, prior counsel, I was not the original counsel of record. It was different counsel. Prior to the case actually going before the first jury, there was an objection that was ruled upon and ruled in favor of the state and against the defendant with respect to the counts of armed violence. That was one issue before the court. Secondly, non-IPIs had been used in support of the armed violence. Those were the two counts where the jurors were able to decide guilty as to one victim, but not guilty as to another. To turn the court's attention, there are some jury notes which are very similar, I would contend, as to the same level of jury confusion in the Fisher case. There was a confusion as to the attempted murder instruction. In this case, Mr. Perkins had raised a defense of self-defense. The jurors had prepared a note and had tendered it to the trial court, asking for a clarification.  The jurors seeking that clarification were, in fact, not clear to the court. There was a second jury note that said that the jury was still at a standstill with respect to the murder. And there was another jury note which said there was confusion. It is our position that the jury had spoken in favor of aggravated battery, which has a lower mental element, but effectively had given a de facto acquittal to the greater charge, which is the attempted murder. Also in my brief, Your Honor, I cite to the fact, and the State also argues that attempted murder, as well as aggravated battery with a weapon, do not share the same elements, that there can be multiple charges that can be filed as a result of similar conduct. That is true. However, when there is a finding of guilt as to the lower, yet a silence as to the greater, I believe that the logical way to take a look at this, looking at it from a common sense point of view, it is our intention that the mens rea of the lesser included had been satisfied. However, mens rea of the greater charge of attempted murder had not been satisfied. The elements that the State argues that are separate, the jury instructions provide that a person, and this is contained in the record as well, Your Honor, a person commits the offense of aggravated battery with a firearm when he, without legal justification, by means of discharging a firearm, knowingly causes injury to another person. The two basic elements there for aggravated battery with a firearm are discharges a firearm and knowingly causing injury to another person. With respect to the elements in order to convict on an attempted murder charge, the first element is performing an act which constitutes a substantial step toward killing an individual. And then there's the second element, which is the mens rea of intent to kill. The State contends in its brief that discharging a firearm and performing an act constituting a substantial step toward killing an individual, that simply by the language, by a plain reading of those two elements, constitute different elements, and therefore a double jeopardy analysis would not even apply. The problem with that is, based upon the record of the case, based upon the testimony by the defendant himself, as well as numerous witnesses, he was shot and the record shows that he shot back. This all happened in a matter of seconds, and the record also shows that he was shot anywhere from six to seven shots. For purposes of attempted murder, the performing an act which constitutes a substantial step toward killing an individual, the common denominator for that and discharging a firearm is just that. It's the shooting of the gun. It's the same bullets. It's the same firearm. It's the same alleged victims. It all came from the same conduct. Moreover, with respect to knowingly causing an injury to another person, because the jury was able to decide in favor of guilt as to both of those counts, but since they were unable to find either guilty or not guilty as to the attempted murder of those two victims, it is our position that the State was unable, beyond a reasonable doubt, to bring sufficient evidence to establish the men's rate of intent to kill. Normally, I would assume that the court would probably ask, well, if they didn't think that they met their burden, why did you just plead them not guilty? That's part of the problem is the jury instructors, the way they were prepared in connection with the confusion that is clearly articulated in these notes that's contained in the record. It's that confusion that caused the jury, even though, on one hand, they did review all of the instructions in light of it, in light of each other, they were still confused. And because the jurors were unable to either convict or acquit of the greater charge of attempted murder, but found in favor of the lesser included, such a re-prosecution, based upon the same conduct, the same facts, the same course of conduct, to subject Mr. Perkins to an additional trial on that greater offense would, in fact, violate his rights against double jeopardy. It is our intention that the jury did speak. They spoke in favor of the state meeting the mens rea requirement for the lesser included charge, but they were unable to satisfy the burden. They were unable to come to an unanimous agreement. It is our intention that, as a result, in applying the Fisher case, which relied upon the Timerson case, that that resulted in Mr. Perkins resulting in a facto acquittal of the greater included charges. Thank you. Another point I'd like to make is, in addition to the fact that aggravated battery with a weapon is a lesser included of attempted murder, the second point I'd like to make is they're both based on the same conduct. According to the United States Supreme Court case on a block murder, a charge is considered a lesser included offense if it comes from the same conduct. Some of the factors that courts have used to take a look at are in determining whether multiple elements or multiple charges come from the same set of facts. Some of those factors, as I had indicated in the brief, include whether there was an intervening event during the course of the defendant's actions for which he's being charged with. Second is whether there is a time gap between each successive action which gave rise to the charges. Third is, is there a similarity in the identity of the victim when it relates to the lesser included and the greater included charges? The similarity of acts that are performed, conduct, whether the conduct had occurred at the same location or did it take place and there's a break in time and space and location. Also, the intent of the prosecutor by the way that they had worded the instrument. In applying those factors, it's taken from the record. It shows that Mr. Perkins had been shot at first and in self-defense he shot back. There were no intervening events that took place from the time that the first bullet came out of the firearm to the last bullet that came out of the firearm. With respect to whether there was a time gap, there was no time gap between each successive shot. There is testimony that is also in the record by at least two different witnesses that heard anywhere from six to seven or seven to eight shots in a matter of 45 to 50 seconds, so very close in time. The victims, the victims as to the aggravated battery with the weapon are those same victims as to the attempted murder. The acts were also identical, which gave rise to both of the charges. Firing the same bullets from the same weapon and also all events occurred at the same location. This shooting took place outside of a resale shop in East St. Louis where there was an illegal car gang taking place. It didn't take place anywhere else. It was all at the same location. It was all happening within a matter of minutes. Also, with respect to the wording of the charging instrument, it's clearly the prosecutor's intent that these charges, the greater as well as the lesser included charges, all come from the same act. Applying this analysis, it's clear that aggravated battery is the lesser included of attempted murder because they both share the same common denominator, which is the firearm and the gun, and they all came from the same compound, which was firing the weapon. One concern that the court may have is whether in every single case, if there's multiple counts, if a jury is, if they are less than unanimous in finding guilt as to some but not to others, should that mean double jeopardy should always attach and should that always preclude a subsequent prosecution? Of course not. But we believe it is our contention that in this case, because those two charges are so interrelated or based upon the same conduct and that one is a lesser included of the other, we believe with that as well as with the jury confusion from the notes to and from the trial judge, it's established that the jury clearly was confused, did find in favor of a lower men's ray, but was not unanimous in favor of a men's ray as to the greater charge. There was no agreement, and as a result, it is our contention that there is a de facto acquittal as to the two greater offenses. Another concern that I'd like to bring to the court's attention is if, practically speaking, if the court were to accept the state's argument and find that double jeopardy does not apply, that these are in fact two separate elements and that a retrial on this case can't take place and it would unnecessarily and uneconomically result in multiple prosecutions where essentially the state would be alleviated from the requirement of having to prove a higher men's ray, knowing that if they just get something, but if they get a hung jury on a greater offense, even if it came from the same conduct and even if one is a lesser included from the other, they can just wait for another trial. Thereby, this would actually cause Mr. Perkins or any other future defendant to face future prosecutions. And as of now, he has been found guilty of some of the lesser included, as I previously indicated, in serving 40 years at the Tiger Center. These conclude my points. Thank you, Mr. Bass. You'll have the opportunity for a rebuttal. Ms. Cameron? Thank you, Your Honor. May it please the Court? Counsel? In a double jeopardy challenge, even if the old charges and the new charges are based on the same act, the court, a review of court is to apply the same elements test enunciated in Blockberger in asking whether one charge is a lesser included offense of the other. And that's a holding of the Illinois Supreme Court in People v. Finnelli and People v. Sinkowitz, which are cited in the People's Brief. And in this case, aggravated battery with a firearm is not a lesser included offense of attempted first degree murder under the same elements test. And for this reason, the defendant's double jeopardy challenge fails. Double jeopardy analysis requires that the lesser offense be essentially an element of the greater offense. But here, aggravated battery with a firearm and attempted first degree murder have different elements. It's possible to commit attempted first degree murder without committing aggravated battery with a firearm. The Illinois Appellate Court in two different districts has held that aggravated battery is not a lesser included offense of attempted murder. That's in People v. Miller and People v. Mays, cases cited in the People's Answer Brief. The defendant is relying on Fisher and Timberson in arguing that retrial is barred under the doctrine of implied acquittal. However, under the doctrine of implied acquittal, reprosecution on a greater offense is barred where there is a guilty verdict on a lesser included offense and a silence or a hung jury as to the charged offense. In other words, the applicability of the doctrine of implied acquittal depends on whether one charge is a lesser included offense of the other. Fisher and Timberson are distinguishable because, in this case, aggravated battery with a firearm is not a lesser included offense of attempted first degree murders. The implied acquittal rule does not apply. The defendant in the reply brief at page 3 asks this court to ignore the same elements test. However, this court is bound to follow the same elements test under the Illinois Supreme Court's rulings. The reply brief at page 3 suggests that the same elements test is difficult to apply, but in People v. Miller in 2010, the Illinois Supreme Court said that the same elements test is the most clearly stated and easiest to apply of any possible test for determining whether one offense is a lesser included offense of the other. The same elements test is the test that this court is required to apply. In fact, the reply brief at pages 3 and 4 suggests that Fisher used a, quote, more flexible test to determine what constitutes a lesser included offense. However, Fisher applied the same elements test, said that, quote, in order to be classified as a lesser included offense, all the elements must be included within the greater offense. That was the analysis that this court applied to Fisher in determining that aggravated battery was a lesser included offense of armed violence predicated on aggravated battery under the same elements test. The defendant here today, I believe, said that it is true that the same elements test shows that the elements are different. It urges this court to accept that concession that this double jeopardy challenge fails under the same element, under the applicability of the same elements test. The defendant today asks this court to consider whether the aggravated battery is a lesser included offense of attempted murder based on, I believe he said, the record evidence, the evidence actually elicited at trial. This is an argument that was not made in the defendant's briefs and is forfeited under Rule 341. And in any event, if the defendant is asking this court to apply the actual evidence test instead of the same elements test, then that is a counter to Tinelli and Sinkowitz and is a request that should be rejected. So for these reasons, people respectfully request that this court affirm the order of the circuit court denying the defendant's motion to dismiss and remand for retrial on counts one through three. Thank you for standing. Do you have your medal, Mr. Baird? I do. Okay. Thank you both for your briefs and your arguments, and we will take this to another five-minute measure where we will adjourn these courts. Thank you.